**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

**IN RE: YELLOW CORPORATION,**
**Debtor.**
**Chapter 11**
**Case No. 23-11069 (JTD)**
**YELLOW CORPORATION,**
**Plaintiff,**
**v.**
**82 DIESEL LLC,**
**Defendant.**
**Adversary Proceeding No. 25-51205**

RECEIVED

2025 NOV 24 AM 9: 57

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**DEFENDANT 82 DIESEL LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF YELLOW CORPORATION'S COMPLAINT**

Defendant, 82 DIESEL LLC, by and through its undersigned, hereby responds to the Complaint filed by Plaintiff, Yellow Corporation (the "Plaintiff" or "Debtor"), as follows:

## I. RESPONSE TO ALLEGATIONS

**1. Paragraph 1:** Admits that Yellow Corporation is the Debtor in the underlying Chapter 11 case. Denies the remaining allegations in this paragraph as they constitute legal conclusions to which no response is required, or are otherwise denied.
**2. Paragraph 2:** Admits that this is an adversary proceeding. Denies the remaining allegations in this paragraph as they constitute legal conclusions to which no response is required, or are otherwise denied.
**3. Paragraph 3:** Admits the general nature of the Debtor's business. Denies the remaining allegations in this paragraph as they constitute legal conclusions to which no response is required, or are otherwise denied.
**4. Paragraph 4:** Admits Defendant is 82 DIESEL LLC. Denies the remaining allegations in this paragraph as they constitute legal conclusions to which no response is required, or are otherwise denied.
**5. Paragraph 5:** Denies the allegations contained in this paragraph. Defendant provided repair services at the express request and authorization of the Debtor.
**6. Paragraph 6:** Denies the allegations contained in this paragraph. Defendant provided necessary and essential services for which it was entitled to be paid.
**7. Paragraph 7:** Denies the allegations contained in this paragraph. All payments received by Defendant were for contemporaneously rendered, necessary services.
**8. Paragraph 8:** Denies the allegations contained in this paragraph. All services were authorized by the Debtor and constituted ordinary course business expenses.
**9. Paragraph 9:** Denies the allegations contained in this paragraph. The services rendered by Defendant were integral to the Debtor's ability to operate its business as a Debtor-in-Possession.
**10. Paragraph 10:** Denies the allegations contained in this paragraph. The payments received were for actual, necessary costs of preserving the estate.
**11. Paragraph 11:** Denies the allegations contained in this paragraph. The payments were not preferential and were for new value provided to the estate post-petition.
**12. Paragraph 12:** Denies the allegations contained in this paragraph.
**13. Paragraph 13:** Denies the allegations contained in this paragraph.
**14. Paragraph 14:** Denies the allegations contained in this paragraph.
**15. Paragraph 15:** Denies the allegations contained in this paragraph.

## II. AFFIRMATIVE DEFENSES

Defendant 82 DIESEL LLC asserts the following affirmative defenses without waiving its right to assert additional defenses as they become known:

**FIRST AFFIRMATIVE DEFENSE**

**(Administrative Expense Priority)** The services provided by 82 DIESEL LLC to Yellow Corporation were actual, necessary costs and expenses of preserving the estate, qualifying them for administrative expense priority under 11 U.S.C. § 503(b)(1)(A). The repair and maintenance of the Debtor's commercial fleet were essential for the Debtor to continue its business operations as a Debtor-in-Possession, thereby preserving the estate's value.

**SECOND AFFIRMATIVE DEFENSE**

**(Post-Petition Payments for New Value)** All payments received by 82 DIESEL LLC, which Plaintiff seeks to recover, were for services rendered POST-PETITION. These services constituted new value provided to the Debtor's estate at the Debtor's express request and authorization, evidenced by numerous purchase orders. Such payments for contemporaneously rendered services are not recoverable as preferential transfers under 11 U.S.C. § 547, which applies exclusively to PRE-PETITION transfers for PRE-PETITION debts.

**THIRD AFFIRMATIVE DEFENSE**

**(Authorization and Ordinary Course of Business)**The Debtor, Yellow Corporation, as a Debtor-in-Possession under Chapter 11, explicitly authorized and requested the services provided by 82 DIESEL LLC through the issuance of purchase orders for each service call. These transactions occurred in the ordinary course of the Debtor's business, and 82 DIESEL LLC conducted itself in good faith and without any knowledge that such payments were improper or unauthorized.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel and Ratification)**Plaintiff Yellow Corporation is estopped from recovering payments for services it requested, authorized, received, and paid for. By issuing purchase orders, accepting the repair services, and remitting payment, the Debtor ratified the transactions and cannot now claim they were unauthorized or improper, particularly after having benefited from the essential services provided.

**FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith Creditor)**82 DIESEL LLC acted as a good faith vendor, providing essential services at the Debtor's request. While aware of the bankruptcy, 82 DIESEL LLC was given no indication that court approval was required for ordinary course repairs, and reasonably relied on the Debtor's direct authorization and payments.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Upon Which Relief Can Be Granted)**Plaintiff's Complaint fails to state a claim upon which relief can be granted because the payments sought to be recovered do not fall within any category of avoidable transfers under the Bankruptcy Code, specifically 11 U.S.C. §§ 547 or 549.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**To the extent any sums are determined to be recoverable by the Plaintiff (which Defendant denies), Defendant asserts a right to offset such recovery by the outstanding balance owed to 82 DIESEL LLC for services rendered to the Debtor post-petition, which amounts to approximately $7,500 - $8,000.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Venue)**Defendant reserves the right to challenge the venue of this adversary proceeding in the District of Delaware, as 82 DIESEL LLC is a Texas-based entity and all services were performed in Texas.

**III. COUNTERCLAIMS**

Defendant 82 DIESEL LLC hereby asserts the following counterclaims against Plaintiff Yellow Corporation:

**COUNT I: CLAIM FOR OUTSTANDING ADMINISTRATIVE EXPENSE**

1. Defendant 82 DIESEL LLC reiterates and incorporates by reference the foregoing paragraphs as if fully set forth herein.
2. During the pendency of Yellow Corporation's Chapter 11 bankruptcy, 82 DIESEL LLC provided actual, necessary repair and maintenance services to the Debtor's commercial fleet, as requested and authorized by the Debtor.
3. These services were essential to the preservation of the Debtor's estate and its ability to continue business operations.
4. Despite providing these services, Yellow Corporation has failed to pay 82 DIESEL LLC an outstanding balance of approximately $7,500 - $8,000.
5. Pursuant to 11 U.S.C. § 503(b)(1)(A), this outstanding balance constitutes an administrative expense entitled to priority payment from the Debtor's estate.
6. 82 DIESEL LLC is entitled to judgment against Yellow Corporation for the unpaid balance of these administrative expenses.

**IV. PRAYER FOR RELIEF**

WHEREFORE, Defendant 82 DIESEL LLC respectfully prays for judgment as follows:

1. That Plaintiff Yellow Corporation's Complaint be dismissed with prejudice;
2. That Defendant be awarded judgment on its Counterclaim against Plaintiff Yellow Corporation for the outstanding administrative expense of approximately $7,500 - $8,000;
3. That Defendant be awarded its costs, disbursements, and reasonable attorneys' fees incurred in defending this adversary proceeding; and
4. For such other and further relief as this Court deems just and proper.

Dated: November 12, 2025

**82 DIESEL LLC**By:_____ [Your Name/Title - e.g., Owner/Managing Member] [Your Company Address] [Your City, State, Zip Code] [Your Phone Number] [Your Email Address]

82 Diesel LLC
28400 Hwy 82
Sherman, Tx 75092

United States Bankruptcy Court
Court for the District of Delaware
824 North Market Street
Willmington, DE 19801